United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, | ) |
| | ) |
| v. | ) Criminal Case No. 22-20409-Scola |
| | ) |
| Isabelo Peterson-Lopez, Defendant. | ) |

**Order Denying Motion for Reduction of Sentence**

This matter is before the Court upon Defendant Isabelo Peterson-Lopez's pro se motion to reduce his sentence. (Def.'s Mot., ECF No. 20.) It appears Peterson-Lopez seeks a sentence reduction under Parts A and B of Amendment 821 to 18 U.S.C. § 3582(c)(2). The Government has responded to Peterson-Lopez's motion (Gov't's Resp., ECF No. 22), but he has not replied and the time to do so has passed. For the reasons set forth below, the Court **denies** the Defendant's motion. (**ECF No. 20**.)

   1. **Background**

In November 2022, Peterson-Lopez pleaded guilty to various counts relating to his maintenance of a stash house in his prison cell at the Miami Federal Correctional Institution: possession of contraband, a phone or other device used by a user of commercial mobile service, in prison, in violation of 18 U.S.C. § 1791(a)(2) (count one); possession of fentanyl in prison, also in violation of 18 U.S.C. § 1791(a)(2) (count three); and for possession with intent to distribute a detectable amount of fentanyl, in violation of 21 U.S.C. § 841(a)(1) (count six). (*See* Presentence Investigation Rep. ("PSI") ¶ 1, ECF No. 16; Plea Agmt, ECF No. 10; Judgment, ECF No. 18.)

At sentencing, in January 2023, Peterson-Lopez's offense level was calculated as 17, with a criminal history category of III. (PSI ¶¶ 25, 30, 69.) This resulted in an advisory guideline range of 30 to 37 months' imprisonment. (*Id.* ¶ 69.) The Court sentenced Peterson-Lopez at the high-end of the range, to 37 months—in addition to his undischarged term of imprisonment for a money laundering conviction in Case No. 3:19-cr-00308-GAG-1, in the District of Puerto Rico. (Judgment at 2.) This additional term consisted of 12 months as to count one and 25 months as to count six, to be served concurrently, and 12 months as to count three, to be served consecutively to counts one and six. (*Id.*)

Since Peterson-Lopez was sentenced, the United States Sentencing Commission issued sentencing adjustments for certain offenders that lower

various guidelines ("Amendment 821"). Part A of Amendment 821 reduces the number of status points added to a defendant's criminal history score if he commits an offense while under another criminal justice sentence. Previously, offenders would receive two additional criminal history points if "the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape release." U.S.S.G. § 4A1.1(d). Now, however, under Part A of the amendment, offenders with six or fewer history points will no longer receive these additional status points and offenders with seven or more criminal history points will only be assessed one additional point, rather than two. *See* Retroactivity Impact Analysis of Parts A and B of the 2023 Criminal History Amendment, United States Sentencing Commission, https://www.ussc.gov/ sites/default/files/pdf/research-and-publications/retroactivity-analyses /2023-criminal-history-amendment/ 202305-Crim-Hist-Amdt-Retro.pdf.

Part B, on the other hand, affords a sentencing adjustment for certain zero-point offenders, providing, in relevant part, for "a decrease of two levels from the offense level . . . for offenders who did not receive any criminal history points . . . and whose instant offense did not involve specified aggravating factors." Amendment 821, Part B.

Peterson-Lopez now seeks, it appears, retroactive application of both Parts A and B of Amendment 821 to his sentence.

### 1. Legal Standard

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582. Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and

whether a reduction is consistent with the applicable policy statements. Second, if both conditions are met, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

Among other things, the Sentencing Commission policy statement applicable here provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A).

Finally, should they become relevant, the § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### 2. Analysis

As noted, the Court construes Peterson-Lopez's motion as invoking reductions under both Part A (as to status points) and Part B (as to zero-point offenders) of Amendment 821.

To start, Peterson-Lopez is not eligible for relief under Part B: as set forth above, Peterson-Lopez *did* receive criminal history points and, accordingly, is *not* a zero-point offender.

Nor is Peterson-Lopez eligible for relief under Part A, despite receiving two criminal status points as the instant offence was committed while he was already under a criminal sentence. This is because, even if two status points were removed, Peterson-Lopez's criminal history category would remain at level III. And with his criminal history category unchanged, his guideline range remains the same, rendering him ineligible for a reduction. *See* 18 U.S.C. § 3582(c)(2) (district courts authorized to reduce sentence for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission"); U.S.S.G. § 1B1.10(a)(1) (defendants eligible only where "the guideline range applicable to that defendant has subsequently been lowered").

Further, even if Peterson-Lopez was eligible for a sentence reduction under Amendment 821, the Court finds the § 3553(a) factors weigh against any reduction. While already serving a sentence for money laundering, Peterson-Lopez was operating a jailhouse stash house—injecting prohibited and dangerous items, including fentanyl, into the prison environment. His conduct while incarcerated shows an abject lack of respect for the law, lack of concern for the health and wellbeing of his fellow inmates, and an inability to comport himself within the rules. As the Government points out, this is further corroborated by Peterson-Lopez's lengthy Bureau of Prisons disciplinary record (ECF No. 22-1), which shows that even the sentence this Court imposed, based on the stash-house conduct, has not deterred him from accruing further drug infractions and other disciplinary issues while incarcerated. In short, a reduction in Peterson-Lopez's sentence would not reflect the seriousness of his offense, promote respect for the law, provide just punishment, or deter similar criminal conduct.

### 3. Conclusion

For the reasons set forth above, the Court **denies** Peterson-Lopez's motion for a reduction of his sentence (Def.'s Mot., **ECF No. 20**).

**Done and ordered** in Miami, Florida, on September 5, 2025.

Robert N. Scola, Jr.
United States District Judge